Frank J. Wright
C. Ashley Ellis
Gogi Malik
WRIGHT GINSBERG BRUSILOW P.C.
14755 Preston Road, Suite 600
Dallas, Texas 75254
(972) 788-1600
(972) 239-0138 - fax

PROPOSED ATTORNEYS FOR DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| THE GARDENS OF GRAPEVINE DEVELOPMENT, L.P., | § § § § | CASE NO. 11-43260 |
| THE GARDENS OF GRAPEVINE DEVELOPMENT GP, LLC, | § § § | CASE NO. 11-43261 |
| Debtors. | § | |

## AMENDED MOTION FOR JOINT ADMINISTRATION OF CASES

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON UNITED STATES COURTHOUSE, 501 WEST TENTH STREET, 1ST FLOOR, FORT WORTH, TX 76105 CLOSE OF BUSINESS ON JULY 1, 2011, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Gardens of Grapevine Development, L.P. ("GOG"), and The Gardens of Grapevine GP, LLC ("GOG - GP") (collectively, the "Debtors"), file this Motion for Joint Administration of Cases (the "Motion"). In support of this Motion, the Debtors would respectfully show the Court as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion is made pursuant to section 105 of the United States Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## II. BACKGROUND

3. These cases were commenced by the filing of voluntary petitions under chapter 11 of the Bankruptcy Code on June 6, 2011 (the "Petition Date").

4. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

5. GOG is a Texas limited partnership. GOG's primary asset consists of approximately 192 acres of undeveloped land located in Grapevine, Texas in Dallas and Tarrant County (the "Property"). GOG's general partner is GOG - GP, a Texas limited liability company. GOG - GP's primary asset is its .5% general partnership interest in GOG.

## III. RELIEF REQUESTED

6. Bankruptcy Rule 1015(b) provides for the joint administration of bankruptcy estates where two or more petitions are pending by or against a debtor and an affiliate in the same court. FED. R. BANKR. P. 1015(b). The Bankruptcy Court defines "affiliate" as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. §101(2)(A).

7. As established *infra*, the two (2) Debtors are "affiliates" within the meaning of 11 U.S.C. § 101(2). Pursuant to Bankruptcy Rule 1015, this Court may order the joint administration of affiliated debtors. By this Motion, the Debtors request the entry of an order consolidating, for procedural purposes only, the above-captioned chapter 11 cases.

8. Many of the motions, hearings and orders that will be involved in the above-captioned chapter 11 bankruptcy cases will affect both of the Debtors given the intertwined business operations of the Debtors. Joint administration of these chapter 11 cases will streamline and simplify the filing process by eliminating the burden of having to file duplicative pleadings and/or conduct duplicative proceedings. Absent an order allowing joint administration of the debtors, there could be unnecessary and duplicative pleadings filed with this Court.

9. The joint administration of these cases will permit the Clerk of the Court to utilize one docket and maintain one set of files, thereby eliminating the need for this Court to enter numerous duplicative orders. The Debtors anticipate that many of the

notices, applications, motions hearings and orders presented herein will impact both of the Debtors.

10. Through joint administration, the administrative costs associated with the Debtors' reorganization efforts will be reduced. Joint administration will further facilitate the supervision of the above-captioned chapter 11 cases by the Office of the Untied States Trustee and other parties in interest.

11. The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of the above-captioned bankruptcy cases since this Motion only requests that the cases be jointly administered. The Debtors are not requesting to have these cases substantively consolidated at this time. The rights of all interested parties will not be prejudiced by an order directing joint administration of the Debtors' separate cases. Each interested party will retain whatever rights it has against the particular estate in which it allegedly has a claim, right or interest. Specifically, each claim holder must file a proof of claim against each of the respective estates against which it asserts a claim.

12. The Debtors propose that the caption attached hereto as Exhibit "A" and incorporated herein by this reference be used by all parties in all pleadings filed herein if joint administration is ordered. The use of the simplified caption will eliminate confusion and ensure uniformity.

13. By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders will best be served by joint administration of the above-captioned chapter 11 bankruptcy cases.

14. No prior motion for relief requested herein has been made to this or any other Court.

WHEREFORE, PREMISES CONSIDERED, the Debtors request that this Court enter an order directing:

a. the joint administration of the bankruptcy cases under the name The Gardens of Grapevine Development, L.P. pursuant to Bankruptcy Rule 1015;

b. the maintenance of one docket for each of the above-captioned cases;

c. the maintenance of one file for all pleadings and documents filed in each of the above-captioned cases;

d. a docket entry on the docket of the The Gardens of Grapevine Development GP, LLC case to clearly indicate that such case is now being administered under consolidated Case No. 11-43260 as set forth in the caption attached hereto as Exhibit "A"; and

e. such other and further relief as this Court may deem just and proper.

DATED: June 7, 2011

Respectfully submitted,

**WRIGHT GINSBERG BRUSILOW P.C.**

By: /s/ Frank J. Wright
    Frank J. Wright
    Texas Bar No. 22028800
    C. Ashley Ellis
    Texas Bar No. 00794824
    Gogi Malik
    Texas Bar No. 00787954

14755 Preston Road
Suite 600
Dallas, Texas 75254
(972) 788-1600
(972) 239-0138 - fax

**PROPOSED ATTORNEYS FOR DEBTORS**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 7th day of June, 2011, I served the foregoing Motion on the Office of the United States Trustee either by facsimile, electronic mail, overnight courier, and/or first class United States mail, postage prepaid.

Office of the United States Trustee
1100 Commerce St.
Room 976
Dallas, TX 75242

                                                        */s/ C. Ashley Ellis*
                                                        C. Ashley Ellis

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| THE GARDENS OF GRAPEVINE DEVELOPMENT, L.P., | § § § | CASE NO. 11-43260 |
| | § | JOINTLY ADMINISTERED |
| THE GARDENS OF GRAPEVINE DEVELOPMENT GP, LLC, | § § § | Chapter 11 |
| Debtors. | § § | Judge D. Michael Lynn |